Edgar K. OAKS, d/b/a Alert Vending
Machine Co., Appellant,

v.

GROCERS WHOLESALE, INC., Appellee.

No. 245.

Supreme Court of Alaska.

Jan. 21, 1963.

W. C. Arnold and George T. Yates, An-
chorage, for appellant.

Theodore M. Pease, Jr., and Burr, Boney & Pease, Anchorage, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

DIMOND, Justice.

The main question here is whether a default judgment against the appellant, Oaks, should be set aside as being in violation of that part of Civ.R. 54(c) which provides:

"A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment."

In March 1957 Oaks gave his promissory note for approximately $37,000 to the plaintiff, Grocers Wholesale, Inc. The note was secured by a chattel mortgage on a large number of cigarette vending machines. In May 1958, plaintiff commenced this action against Oaks to foreclose the mortgage, claiming that he was in default in payments of principal and interest on the note and then owed about $19,000. Five other parties were named as defendants, and the complaint alleged that each may have had some interest or claim to the mortgaged property.

Oaks did not answer the complaint or make an appearance. Three of the other defendants did. They filed answers, asserting rights and interests in the vending machines which they claimed were superior to plaintiff's mortgage. The record on appeal indicates that those issues have been pending for nearly four years and have not yet been tried.

In December 1961 (three and one-half years after the complaint was filed), plaintiff had the clerk of court enter against Oaks a default judgment on the note in the sum of about $20,000. Oaks' motion to set aside the judgment was denied. He maintained in the court below, and now argues here, that since the demand for judgment in the complaint did not ask for a money judgment on the note, but only for a foreclosure and sale of the mortgaged property, a money judgment against him could not properly be entered under Civ.R. 54(c).

■ Oak's point is well taken. In accordance with the general rules of pleading, the complaint contains a statement of plaintiff's claim, followed by a demand for judgment for the relief to which plaintiff deemed itself entitled.[1] It was demanded that Oaks be adjudged in default under the terms of the mortgage in the amount of approximately $19,000 plus interest, and "that said amount is now due and owing"; that the mortgage be foreclosed in accordance with law; that the property be sold; and that the proceeds from the sale be applied in satisfaction of Oaks' obligation to the plaintiff. It was not demanded that a money judgment be entered against Oaks personally for the amount "due and owing". The relief sought was clearly limited to a demand that what was due and owing be satisfied by a sale of the property. Oaks was entitled to rely upon a belief that the same limitation would be observed in any default judgment which might be entered against him. Since the relief provided in the default judgment actually entered was different in kind from that prayed for, that judgment was plainly in violation of the explicit prohibition contained in Rule 54(c).

In an effort to sustain the lower court's decision, plaintiff says that we must look to that part of the complaint containing the statement of plaintiff's claims in order to determine the kind of relief sought. This was also the view of the trial judge. He acknowledged that the prayer for relief referred only to a foreclosure of the mortgage. But it was his opinion that this wasn't part of the complaint at all; and that the validity of the default judgment was to be tested, not by what was asked

1. Civ.R. 8(a) provides: "A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim or third-party claim, shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded."

for, but rather by what was alleged in the complaint as a statement of plaintiff's claim.

■ In this the trial court was mistaken, because it is not what Rule 54(c) provides. The rule says clearly that a judgment by default shall not be different in kind from that prayed for in the demand for judgment. There is no doubt that the demand for judgment is a portion of the complaint distinct from the statement of claim, since it is specifically required to be included in the complaint under Civ.Rule 8(a).[2] It is this demand, and not the complaint as a whole, that determines the relief which may be granted in a judgment by default.

■ Plaintiff argues that the requirement of the rule was met by the request that plaintiff be awarded "such other relief as may seem meet and just." This argument is unsound. It would make Rule 54(c) meaningless, because there would be no way a court could determine whether a default judgment was different in kind from that prayed for in the demand for judgment. The purpose of the rule is to limit the relief granted in a default judgment, and that purpose can be effected only if the prayer for relief is sufficiently specific.[3]

■ Plaintiff argues that Oaks' motion to set aside the judgment was properly denied since he did not show that he had a meritorious defense to plaintiff's claim. In the exercise of a sound discretion the courts as a general rule will require that a meritorious defense be shown before setting aside a default judgment under Civ. R. 55(e).[4] But that rule has no application where there is no authority to enter a default judgment granting the kind of relief afforded in this case—where there is no room for the exercise of any discretionary power. Rule 54(c) is an absolute ban against the entry of any judgment by default which is different in kind from that prayed for.[5] If a judgment is entered in violation of the rule, then it is clearly erroneous and invalid.[6] The trial court should have set the default judgment aside without regard to whether a meritorious defense to plaintiff's claim was shown.

The last point urged by plaintiff is that the appeal is premature since there is no final judgment from which an appeal could be taken.[7] Plaintiff contends that there is lack of finality because Oaks filed a motion to reconsider the order refusing to set aside the default judgment, and that motion has not yet been passed upon.

■ The commencement of the time for appeal from a judgment is suspended by the filing of any of the motions specified in supreme court Rule 7(a). Neither in that rule nor in any of the civil rules is a motion to reconsider an order denying a motion provided for. Therefore, when the order denying the motion for relief from the void judgment was entered in this case it was final and the time for taking appeal commenced to run. The time was not suspended by the filing of a motion to reconsider.

The order denying the motion to set aside the default judgment is reversed, and the case is remanded with directions to set aside the default judgment.

2. Civ.R. 8(a) supra note 1. United States v. Fong, 182 F.Supp. 446, 455 (N.D.Cal. 1959), aff'd, 300 F.2d 400, 412–413 (9th Cir.), cert. denied, 370 U.S. 938, 82 S. Ct. 1584, 8 L.Ed.2d 807 (1962).

3. 6 Moore, Federal Practice § 54.61, at 1205–1206 (2d ed. 1953).

4. Civ.R. 55(e) provides: "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." 6 Moore, Federal Practice § 55.10 [1], at 1828 (2d ed. 1953).

5. United States v. Fong, 182 F.Supp. 446, 455 (N.D.Cal.1959), aff'd, 300 F.2d 400, 412–413 (9th Cir.), cert. denied, 370 U.S. 938, 82 S.Ct. 1584, 8 L.Ed.2d 807 (1962).

6. Dockendorf v. Lakie, 240 Minn. 441, 61 N.W.2d 752, 754–755 (1953).

7. Supreme Ct.R. 6 provides: "An appeal may be taken to this court from a final judgment entered by the superior court or a judge thereof in any action or proceeding, civil or criminal, except that the state shall have a right to appeal in criminal cases only to test the sufficiency of the indictment or information."