*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@appellate.courts.state.ak.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| RICHARD WAGNER, | ) | |
| | ) | Supreme Court No. S-14403 |
| Appellant, | ) | |
| | ) | Superior Court No. 4FA-10-01286 CI |
| v. | ) | |
| | ) | O P I N I O N |
| FELICIA WAGNER, | ) | |
| | ) | No. 6772 – April 5, 2013 |
| Appellee. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Fourth Judicial District, Fairbanks, Michael P. McConahy, Judge.

Appearances: Richard Wagner, pro se, Fairbanks, Appellant. Felicia Wagner, pro se, Fairbanks, Appellee.

Before: Fabe, Chief Justice, Carpeneti, Winfree, Stowers, and Maassen, Justices.

STOWERS, Justice.
WINFREE, Justice, dissenting.

## I. INTRODUCTION

Felicia Wagner filed for divorce from her husband Richard Wagner. Both parties appeared pro se. The superior court held four pretrial hearings on the matter, three of which Richard did not attend. Richard called the court's judicial assistant to

request a continuance prior to two of his three absences. Richard's requests were not granted, and it appears that Richard was never informed of the proper manner by which to make a request.

Richard called the court's judicial assistant the day before trial to again request a continuance, this time citing his work situation as the cause of his absence. Richard did not appear at trial. The superior court did not acknowledge Richard's employment excuse and instead relied on his prior absences to conclude that his failure to appear was voluntary. It thereupon denied Richard's request, proceeded to trial, and entered findings of fact and conclusions of law regarding the parties' property and debt based on Felicia's testimony alone.

It was error for the superior court to deny Richard's request for a continuance without informing him of the proper manner by which to make a request. It was also error for the superior court to deny Richard's continuance request and to proceed to trial without first considering whether his work situation provided good cause for his absence. We therefore remand for the superior court to determine whether Richard's absence was truly voluntary or whether it was supported by good cause.

## II.  FACTS AND PROCEEDINGS

Felicia and Richard Wagner married in 1993. The couple separated in 2009 and Felicia filed for divorce the following year. Felicia checked the box in the form complaint for divorce that stated, "We have already divided all marital property and debt so there is none to be divided by this court." Richard disagreed in his answer and counterclaim, stating that property and debts still needed to be divided. Both parties appeared pro se.

The superior court held a trial date-setting conference in June 2010. Felicia appeared, but Richard did not. Richard had called the court's judicial assistant earlier

in the day to request a continuance. The court proceeded with the hearing in Richard's absence and set trial for early November. There is no indication in the record that the court fully informed Richard that telephonic requests to the judicial assistant were improper and that he was required to file a motion if he wanted to request a continuance.

The superior court held a pretrial scheduling conference in November 2010. Felicia appeared, but Richard did not. Richard again had called the court's judicial assistant earlier that day, indicating, according to the court, that he did not know about the hearing, that he would not be able to attend, and that he needed a continuance. Felicia informed the court that Richard had also asked her to continue the hearing. The superior court proceeded with the conference and noted "for the record" that "[t]he fact that [Richard] calls and leaves a message with [the] judicial assistants is not an order from the Court that excus[es] him from the pretrial conference." There is no indication in the record that the substance of the court's comment was conveyed to Richard. Trial was rescheduled for early March 2011.

In February 2011 Felicia filed a financial declaration identifying student loans as "property subject to disposition by the court." Another pretrial conference was held in March at which Felicia appeared but Richard did not. Felicia stated that the parties disputed the distribution of two vehicles and "a few debts." Trial was again rescheduled for May.

Both parties appeared at the next pretrial conference in May 2011. Richard and Felicia agreed that their dispute was limited to the distribution of two vehicles and Felicia's student loan debt.[1] There is no indication in the record that the court advised

---

[1] Richard also stated at the pretrial conference that the parties disputed his post-separation debt to his father. However, the superior court did not address this debt at trial, and Richard does not contest it on appeal.

Richard that telephonic requests for continuances were improper or that motions for continuances were the proper way to request such relief.

The one-day trial was held on June 2, 2011. Felicia appeared, but Richard did not. The superior court stated on the record that Richard had again called the judicial assistant, this time indicating that he was unavailable because "[h]e was called out to fight a fire and he's going to be gone for two weeks and doesn't have cell phone contact." Felicia confirmed that Richard had given her the same excuse for his absence and asked her to request a continuance on his behalf.

The superior court concluded that it had no choice but to find that Richard's absence was voluntary:

> [Richard] had knowledge of what was going on. He had notice of what was going on regarding the trial. He was at the pretrial conference two weeks ago and knew that this was going on. And I can take his absence only being that he chose not to be here today.

The court subsequently proceeded with the trial in Richard's absence and questioned Felicia regarding the parties' property and debts.

The superior court made several findings of fact and conclusions of law based on Felicia's testimony at trial. It found that Felicia incurred "substantial student loans" in the amount of $88,380 during the marriage. It also found that the loans were marital debt, with Felicia and Richard each responsible for half the debt because the loans "were used for marital living expenses as well as education and were treated as marital debt to the extent payment was made on the loans." A divorce decree was entered on June 6, 2011. Richard filed a motion for reconsideration that was denied.

Richard appeals, arguing that it was error for the superior court to conclude his absence was voluntary and to proceed to trial without him, and that the superior court erred in its property and debt division.

## III. STANDARD OF REVIEW

"We will not disturb a trial court's refusal to grant a continuance unless an abuse of discretion is demonstrated. An abuse of discretion exists when a party has been deprived of a substantial right or seriously prejudiced by the lower court's ruling."[2]

## IV. DISCUSSION

### A. It Was Error For The Superior Court To Proceed To Trial Without First Examining Whether There Was Good Cause Supporting Richard's Absence.

#### 1. Request for continuance

Richard argues that the superior court improperly proceeded to trial notwithstanding his request for a continuance. Richard asserts that after being notified by his employer that he would have to provide emergency transport services to firefighters on the day of trial, he "communicated to [Felicia] and [the] court as best he could considering the emergency nature of his dispatch." In his motion for reconsideration, Richard stated:

> I contacted the Court . . . Secretary and informed her of my delema [sic], that I was on Fire Charter and could not leave the location to file the necessary paperwork, to let the court know that I would not be able to make the court date of 6/2/11 for my divorce trial. I asked if she could reschedule for later, she said she would inform the Judge of what I told her and that it would be up to the Judge.

Richard implicitly argues that the superior court abused its discretion by refusing to grant his request for a continuance. The preliminary question is whether Richard's phone call to the court's judicial assistant constitutes a request for a continuance that must be considered by the court.

---

[2] *Azimi v. Johns*, 254 P.3d 1054, 1059 (Alaska 2011) (quoting *House v. House*, 779 P.2d 1204, 1206 (Alaska 1989)) (internal quotation marks omitted).

The record shows that Richard called the judicial assistant the day before the trial to inform the court that he would be unable to attend, but he did not file a motion or an affidavit in support of his request for a continuance. Richard had requested continuances in the same manner on two of the three previous occasions when he was absent for court hearings, though on those occasions he did not cite his employment as the cause of his absence. It is clear that the court never issued an order requiring Richard to seek continuances with a written motion served on the other party and to cease making such requests telephonically to the judicial assistant.

Alaska Rule of Civil Procedure 40(e) provides that unless otherwise permitted by the court, a request for a continuance must be made at least five days prior to the date set for trial and "supported by the affidavit of the applicant setting forth all reasons for the continuance."

Richard's oral continuance request to the court's judicial assistant does not meet the formal requirements of Civil Rule 40(e). However, the pleadings of pro se litigants are held to a less stringent standard than those of lawyers, "particularly where 'lack of familiarity with the rules' rather than 'gross neglect or lack of good faith' underlies litigants' errors."[3] Although Richard's telephonic requests with the judicial assistant are not pleadings, it appears the court was aware of them. The superior court has a duty to "inform a pro se litigant of the proper procedure for the action he or she is

---

[3]    *Kaiser v. Sakata*, 40 P.3d 800, 803 (Alaska 2002) (quoting *Wright v. Shorten*, 964 P.2d 441, 444 (Alaska 1998)).

obviously attempting to accomplish,"[4] though the court need not "instruct a pro se litigant as to each step in litigating a claim."[5]

We have acknowledged that "the rules of court may be models of clarity to one schooled in the law, but a pro se litigant might not find them so."[6] Richard tried to request a continuance on three separate occasions, including the day before trial, by calling Felicia and the court's judicial assistant. Nothing in the record indicates that Richard was informed by the court of the impropriety of this method of request; the fact that he employed the same method three times arguably indicates that he believed he was utilizing an appropriate procedure. Indeed, if the allegations in his motion for reconsideration are true, Richard reasonably believed his phone call constituted a proper request to be considered by the court after the judicial assistant passed along his message.

Given the relaxed standards for pro se litigants, the fact that from Richard's point of view he may have reasonably concluded that his earlier telephonic requests for continuances to the judicial assistant were acceptable, and the fact that Richard was never ordered to cease calling for continuances and advised that he needed to file a motion for continuance, we conclude that Richard's phone call the day before trial and his failure to file a motion or submit an affidavit as required by Civil Rule 40(e) constitute a "lack of familiarity with the rules" rather than "gross neglect or lack of good faith."[7] We

---

[4]    *Breck v. Ulmer*, 745 P.2d 66, 75 (Alaska 1987).

[5]    *Bauman v. State, Div. of Family & Youth Servs.*, 768 P.2d 1097, 1099 (Alaska 1989).

[6]    *Genaro v. Municipality of Anchorage*, 76 P.3d 844, 846 (Alaska 2003) (quoting *Collins v. Arctic Builders*, 957 P.2d 980, 982 (Alaska 1998)) (internal quotation marks and alterations omitted).

[7]    *See Kaiser*, 40 P.3d at 803 (quoting *Wright*, 964 P.2d at 444).

therefore hold on the unique facts of this case that Richard made a legitimate request for a continuance.

## 2. Denial of continuance

Richard implicitly argues that it was an abuse of discretion for the superior court to deem his absence voluntary, refuse to grant his telephonic request for a continuance, and proceed to trial. Richard asserts that his absence from trial was not voluntary because, as a bus driver, "[h]e was part of essential manpower required to mobilize to fight the Hastings and Murphy Dome fires" threatening Fairbanks at the time of trial. Richard asserts that after attempting but "failing to find any substitute worker," he "contacted [Felicia] and the court to advise them [of] his inability to attend the June 6, 2011 [sic] trial because of his duties related to the wildfires."

The superior court denied the continuance request and proceeded to trial because it determined that Richard "voluntarily chose not to appear." The superior court based this determination on the following observations: (1) Richard was properly notified of the trial; (2) this was the third trial date for the matter; (3) Richard failed to attend prior court hearings; (4) Richard failed to fully participate or cooperate in related custody matters; (5) Richard was aware from earlier contacts with the court's judicial assistant that he needed to file a motion or stipulation in order to change the court dates,[8] which he failed to do; and (6) Richard appeared at the most recent pretrial conference and was "actually aware" of the trial date.

We review a superior court's refusal to grant a continuance for abuse of discretion.[9] A refusal to grant a continuance constitutes an abuse of discretion "when a

---

[8] Whether the court's judicial assistant informed Richard that he needed to file a motion or stipulation is not reflected in the record.

[9] *Gregoire v. Nat'l Bank of Alaska*, 413 P.2d 27, 33 (Alaska 1966).

party has been deprived of a substantial right or seriously prejudiced."[10] We look to the particular facts and circumstances of each case to determine "whether the denial of a continuance is so unreasonable or so prejudicial as to amount to an abuse of discretion."[11] "Because of the necessity for orderly, prompt and effective disposition of litigation and the loss and hardship to the parties and witnesses," a motion for continuance should be denied absent a "weighty reason to the contrary."[12] But "the trial court's legitimate concern for preventing delay should not prejudice the substantial rights of parties by forcing them to go to trial without being able to fairly present their case."[13]

Whether Richard's absence was voluntary and without good cause is a factual question. Richard attributed his absence to his mandatory employment responsibilities in his requests to Felicia and the court's judicial assistant, and he made a similar argument in his motion for reconsideration, stating he "was on Fire Charter and could not leave the location to file the necessary paperwork." The superior court did not acknowledge Richard's work situation in its findings of fact or in its denial of the motion for reconsideration and instead determined that because Richard "was aware of the time, date, and place of the trial," his absence was voluntary. The superior court proceeded to trial without Richard on this basis, predicating its findings of fact and conclusions of law regarding the parties' property and debt on Felicia's testimony alone.

---

[10] *Siggelkow v. Siggelkow*, 643 P.2d 985, 986-87 (Alaska 1982) (quoting *Barrett v. Gagnon*, 516 P.2d 1202, 1203 (Alaska 1973)) (internal quotation marks omitted).

[11] *Id.* (citations omitted).

[12] *Shooshanian v. Dire*, 237 P.3d 618, 623 (Alaska 2010) (quoting *Siggelkow*, 643 P.2d at 987) (internal quotation marks and alterations omitted).

[13] *Siggelkow*, 643 P.2d at 987 (citations omitted).

While we are mindful of the need for the orderly, prompt, and effective disposition of this matter, Richard's inability to attend the trial constitutes a "weighty reason" to grant his request for continuance if his absence is supported by good cause.[14] The failure to allow Richard to present his case seriously prejudiced his right to participate in his own trial and to rebut Felicia's testimony, which provided the sole basis for the superior court's findings of fact and conclusions of law. The superior court should have inquired into whether Richard had good cause for failing to attend trial — that is, whether his work commitments demanded his presence on the day of trial — or whether his absence was actually voluntary. It was an abuse of discretion for the superior court to find that Richard's awareness of the trial date in itself warranted the denial of his continuance request without first considering whether Richard's absence was supported by good cause.

## B. In Light Of The Decision Above, We Do Not Reach The Additional Points On Appeal.

Because the superior court's finding that Richard's absence was voluntary failed to consider whether Richard's work situation provided good cause for his absence, and because our decision today remands this issue to the superior court, we do not reach the merits of the property and debt division appeal. On remand, the superior court may

_____

[14] We have previously considered whether a superior court's denial of a request for a continuance constitutes an abuse of discretion in the similar context of a moving party's illness. In *Azimi v. Johns*, we noted that a denial of a continuance where the moving party is ill will be held reversible error only "to the extent that the illness prejudices the party's case by preventing him from adequately preparing for or participating in trial." 254 P.3d 1054, 1060 (Alaska 2011) (citing *Siggelkow*, 643 P.2d at 987). And in *Siggelkow v. Siggelkow*, we observed that "the presence of the party at trial is oftentimes indicative of whether the denial resulted in prejudice"; a court is less likely to find prejudice if the party is able to attend trial. 643 P.2d at 987 n.3. Under this framework, if Richard's absence was involuntary, his work commitments prejudiced his ability to prepare for or participate in the trial, and a continuance was warranted.

request further affidavits from the parties or conduct an evidentiary hearing to determine whether there was good cause for Richard's absence or whether it was voluntary. We retain jurisdiction to review those findings unless the court finds that there was good cause for Richard's absence and accordingly orders a new trial.

## IV. CONCLUSION

Because the superior court failed to consider whether Richard had good cause for failing to appear at trial, we REVERSE the superior court's finding that Richard's absence was voluntary. We REMAND for further proceedings consistent with this opinion. We retain jurisdiction unless the court finds that there was good cause for Richard's absence.

WINFREE, Justice, dissenting.

I respectfully disagree with the court's decision to remand this case to the superior court for further proceedings on whether Richard Wagner voluntarily failed to appear at trial. In my view: (1) the superior court's finding that Richard's absence from trial was voluntary is not clearly erroneous; (2) Richard has made no showing he was prejudiced by not participating in the trial; and, therefore, (3) the superior court's decision to conduct trial without Richard was not an abuse of discretion. I would recognize Felicia Wagner's right to an orderly, prompt, and effective disposition of this litigation and affirm the superior court's entry of divorce and its property division.

**Background**

Felicia and Richard married in 1993 and separated in 2009. Felicia filed for divorce in February 2010. In her complaint Felicia stated that she and Richard had "already divided all marital property and debt so there [was] none to be divided by [the] court." But in his answer Richard disagreed, stating that vehicles needed to be divided. Felicia and Richard appeared pro se.

A trial date setting conference was held in June 2010. Felicia appeared; Richard did not. Richard had telephoned the judge's assistant earlier that day and requested the hearing date be changed. The superior court stated on the record:

> Mr. Wagner is not present. As I understand it, Mr. Wagner called my judicial assistant several times today wanting to change this hearing. And I can tell you, ma'am, that our response is that he needs to get a stipulation from you to waive it or file a motion. He chose not to do either. So I don't expect him to be here, and I'm not moving this hearing without written consent of the parties.

Trial was set for November.

A pretrial conference was held in November. Felicia appeared; Richard did not. Richard again had telephoned the judge's assistant earlier that day and said he had

not been aware of the conference, he could not attend, and both he and Felicia wanted

to set off the trial. The superior court stated on the record:

> I'm taking the position that Mr. Wagner's [absence] here today has not been excused. The fact that he calls and leaves a message with my judicial assistants is not an order from the Court . . . excusing him from the pretrial conference. That's – there's some procedures and some formalities that need to be done, and that's why we're here today. I didn't cancel this hearing based on what he said.
>
> And if you're willing to continue this, I can set a new trial date.

With Felicia's consent, trial was rescheduled for March 2011.

In February Felicia filed a financial declaration identifying her student loans

as "property subject to disposition by the court." Another pretrial scheduling conference

was held in March. Felicia appeared; Richard did not. Felicia indicated that the parties

disputed the distribution of two vehicles and "a few debts." The superior court stated:

"[H]e got notice of this hearing, and he's not here. So I guess we'll set the date without

his input." Trial was rescheduled for the week of May 30.

Both parties appeared for a pretrial conference on May 24. The parties

identified their dispute as being over two cars in Richard's name and Felicia's student

loans. The superior court judge handling the conference reminded them that trial before

the assigned superior court judge was scheduled for the week of May 30. After Felicia

requested to know the specific trial date so she could arrange her work schedule, the

parties apparently were informed that trial was set for June 2.

Felicia appeared for trial; Richard did not. The superior court stated on the

record:

> I understand the history of this case, is that Mr. Wagner has had sporadic participation in it from the – its inception . . . my review of the file indicates that he didn't file an answer in a

timely fashion, that Ms. Wagner had to move for an entry of default before he filed an answer.

On June 22nd . . . of 2010, a year ago, there was a trial date scheduling conference. Mr. Wagner failed to appear for that. Ms. Wagner did appear. Trial was set for the week of November 8th. The parties were referred to the child custody investigator. Ms. Wagner did that. Mr. Wagner was remiss in contacting the child custody investigator.

On November 2nd, 2010, . . . Mr. Wagner had made a[n] unauthorized telephone call to my judicial assistant indicating that he couldn't be present at the trial. And . . . at the pretrial conference, Ms. Wagner again was present. Mr. Wagner was not present, didn't file a motion. Didn't file a stipulation, didn't do anything. But Ms. Wagner agreed to continue the trial until March of this year.

On March 1st we're here for a hearing. Again, . . . Mr. Wagner failed to appear. And at that time, . . . this present trial date was set. Another pretrial order was sent out.

I know Mr. Wagner received a copy of it because on May 24th there was a pretrial conference, and Mr. Wagner did appear. That was in front of Judge Downes. The parties were told to make a list of assets and debts from the marriage and a proposed division.

So Mr. Wagner knows about this. And apparently, again, he called, yesterday, my judicial assistant and indicated he's not going to be available. He was called out to fight a fire and he's going to be gone for two weeks and doesn't have cell phone contact.

Apparently, he's told you the same thing, Ms. Wagner; is that right?

MS. WAGNER: Yes.

THE COURT: Well, I can't conclude anything other than his absence today is voluntary. He had knowledge of what was going on. He had notice of what was going on regarding the

trial. He was at the pretrial conference two weeks ago and knew that this was going on. And I can take his absence only being that he chose not to be here today. And I'm prepared to go forward if you are.

MS. WAGNER: Yes.

The court questioned Felicia regarding the parties' property and debts. The court found that Felicia incurred "substantial student loans" during the parties' marriage. It also determined that the loans were marital debt because they "were used for marital living expenses as well as education and were treated as marital debt to the extent payment was made on the loans." The court awarded one vehicle to each party and made each responsible for one-half of the student loans. A few days later the court entered findings of fact and conclusions of law and a decree of divorce.

Richard moved for reconsideration, stating, without affidavits or supporting documentation, that he had been unable "to file the necessary paperwork" for a continuance or to appear for trial because of his work schedule; that he knew the decision to continue the trial "would be up to the judge" but he had assumed the court would grant a continuance; and that he had made arrangements to get time off from work for future trial dates later in the summer. The motion was denied.

Richard appeals, arguing two points: first, that the superior court erred by holding trial without him, and second, that the superior court erred by considering Felicia's student loans at trial.

**Discussion**

A.    **The Court's Finding Of Voluntary Failure To Appear For Trial**

Richard argues that just before the June 2, 2011 trial he was employed as a bus driver and "was ordered by his employer to work" nearby wildfires. Richard contends he was unable to attend the trial because he could not find a substitute worker. The day before trial Richard telephoned Felicia and the judge's assistant to inform them

that he would be unable to attend trial. According to Richard's reconsideration request, he asked the judge's assistant if trial could be rescheduled even though he had been unable "to file the necessary paperwork." Richard's own description of his statements reflects that from earlier telephone calls to the judge's assistant he knew exactly what was needed to seek a trial continuance. This corroborates the superior court's June 2010 statement on the record, after Richard called several times seeking a hearing date change, that the judge's assistant had informed Richard of the proper procedures: "*And I can tell you, ma'am, that our response is that he needs to get a stipulation from you . . . or file a motion.*" (Emphasis added.) I therefore disagree with the court's conclusion today that nothing in the record demonstrates that Richard was aware of the proper procedures for requesting a continuance.[1]

Alaska Civil Rule 40(e) provides that a request for continuance "must be supported by the affidavit of the applicant setting forth all reasons for the continuance." This implicitly includes a requirement that the application be made in writing and filed with the court. The superior court noted that Richard "was aware from earlier contacts with [the] court's judicial assistant that he needed to file a motion or stipulation in order to change court dates. He did neither." Richard's reconsideration motion reveals Richard's knowledge of this requirement and attempts to excuse the requirement by stating he was employed as a bus driver for a company that "was mobilized to provide

---

[1]     Richard has not argued on appeal that the superior court somehow failed in its duty to inform him, as a pro se litigant, how to correct procedural defects in what he was trying to accomplish. *Cf. Breck v. Ulmer*, 745 P.2d 66, 75 (Alaska 1987). The court today raises and responds to this issue on its own, apparently adding another rule for dealing with pro se litigants — implicit in today's decision is a rule that a trial court must issue written orders explaining substantive rulings and procedural requirements to pro se litigants who decline both to attend a scheduled court hearing and to make an effort to determine what occurred at the hearing.

-16-                                                          6772

transport services for firefighters," but fails to explain why he did not file the necessary paperwork when he was first called to work by his employer. Richard's knowing failure to file a properly supported motion for a continuance is ample ground to conclude that no request for a continuance was before the superior court and that the superior court did not abuse its discretion in proceeding to trial without Richard.

But it appears that in light of Richard's pro se status, the superior court actually did consider Richard's telephone call as a non-conforming motion for a continuance; the superior court denied that request when it found Richard "voluntarily chose not to appear." The voluntariness finding was based on the following: (1) there had been three trial dates; (2) Richard had not appeared for any trial date; (3) Richard had not actively participated or cooperated in the case; and (4) Richard had appeared at the May 2011 pretrial conference and was "actually aware" of the trial date. In light of Richard's failure to provide the superior court any factual support that he was ordered or otherwise commandeered against his will to help fight forest fires and that he was somehow prevented by his employer from filing a motion for a continuance or appearing for trial, the superior court's finding that Richard voluntarily chose not to appear for trial is not clearly erroneous.

**B.      The Property Division**

Richard argues the superior court legally erred in determining that he was responsible for student loan debts not raised in Felicia's initial complaint. He contends that there is "an absolute ban against the entry of any judgment by default which is different in kind from that prayed for, and a judgment entered in violation of this rule is clearly erroneous and invalid." Richard's contention is unpersuasive. First, the judgment entered here was after an actual trial, albeit one that Richard declined to attend, so the judgment is not a default judgment. Second, even if the judgment could be

characterized as a default judgment, Richard had full notice of the disputes being adjudicated.

Rule 54(c) limits recovery in default judgments by providing that "[a] default judgment shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." "[F]or a default judgment to comply with Rule 54(c), a complaint must . . . give a defendant 'adequate notice upon which to make an informed judgment on whether to default or actively defend.' "[3]

Richard's argument that the superior court erred by providing relief different from that sought in Felicia's complaint is belied by the rule's purpose and his actual knowledge of the issues to be decided at trial. In her complaint, Felicia stated that there were no assets to be divided by the court. But Richard disagreed, stating in his answer that "[t]here [was] property and debt to be divided" and requesting division of their vehicles. Then in her February 2011 financial declaration, Felicia identified her student loans as property subject to the court's disposition. During the May pretrial scheduling conference, at which Richard appeared, the parties specifically identified Felicia's student loans as disputed debt. Because Richard had actual notice that Felicia sought equitable division of her student loan debt, the superior court's rulings regarding the student loans did not violate Rule 54(c).

---

[3]     *Hicks v. Pleasants*, 158 P.3d 817, 821 (Alaska 2007) (quoting 46 AM. JUR. 2D *Judgments* § 29 (1964)); *see also* 10 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2663 (3d ed. 2004) ("It would be fundamentally unfair to have the complaint lead defendant to believe that only a certain type and dimension of relief was being sought and then, [if defendant does not appear], allow the court to give a different type of relief or a larger damage award.").

Richard relies on *Oaks v. Grocers Wholesale, Inc.*,[4] but that case is distinguishable. In that case, Oaks gave Grocers a promissory note secured by property.[5] Oaks defaulted on the note.[6] Grocers sued, requesting foreclosure and sale of the mortgaged property to satisfy the outstanding debt.[7] Oaks did not answer the complaint or make an appearance, and a default money judgment was entered against Oaks.[8] On appeal, we held that the default money judgment was improper because Grocers' prayer for relief did not include a request for a money judgment and therefore the available relief was limited to satisfying the outstanding debt through sale of the property.[9]

Here, Richard answered the complaint. He counterclaimed that there was marital property to be divided by the court. He was present at the pretrial conference when Felicia identified the student loans as disputed debt. In fact, the superior court expressly indicated in Richard's presence that the student loan dispute would be adjudicated at trial. Because Richard had notice of the relief sought, and ultimately granted, *Oaks* is inapposite. Furthermore, "Alaska's civil rules clearly contemplate that a party's identification and itemizations of assets, liabilities, and their proposed values in a divorce proceeding might not be produced until trial nears."[10] Under Rule 90.1, parties to a divorce proceeding involving property disputes may file a list of assets and

---

[4]     377 P.2d 1001 (Alaska 1963).

[5]     *Id.* at 1002.

[6]     *Id.*

[7]     *Id.*

[8]     *Id.*

[9]     *Id.*

[10]    *Hicks v. Pleasants*, 158 P.3d 817, 822 (Alaska 2007).

debts at issue five days before trial. Richard's argument that the superior court's jurisdiction was limited to what Felicia disputed in her initial complaint would render Rule 90.1 meaningless.

Richard does not challenge the superior court's actual determination that Felicia's student loans were marital debts subject to division. And debts incurred during a marriage are presumptively marital debts: "Absent any showing that the parties intended a debt to be separate, the trial court must presume that a debt incurred during the marriage is marital and should consider it when dividing the marital estate."[11] Felicia testified that the student loans were obtained during the course of the marriage the funds were partly used for rent and other family purposes, and loan payments were made from household funds.[12] Based on this testimony, the superior court found that "[t]he [student] loans were used for marital living expenses as well as education and were treated as marital debt to the extent payment was made on the loans." Accordingly, the court did not err in characterizing the student loans as marital property.

Richard also does not challenge the superior court's equal division of the student loan debt. Superior courts exercise broad discretion in the division of marital assets.[13] Alaska Statute 25.24.160(a)(4) provides factors for trial courts to consider in dividing property. "When dividing a marital estate, the trial court generally should begin

---

[11] *Veselsky v. Veselsky*, 113 P.3d 629, 636 (Alaska 2005) (quoting *Coffland v. Coffland*, 4 P.3d 317, 321-22 (Alaska 2000)).

[12] At the May 24, 2011 pretrial conference Richard made statements on the record that can only be seen as concessions that the student loans were obtained during the marriage and that some of the funds were used for marital purposes.

[13] *Veselsky*, 113 P.3d at 632 (citing *Cox v. Cox*, 882 P.2d 909, 913 (Alaska 1994)).

with the presumption that an equal division of marital property is most equitable."[14] An unequal division is appropriate "when it is justified by relevant factors identified in the [trial] court's findings."[15] The superior court awarded each party a vehicle and divided the student loan debt equally between them. Because Richard has not identified any factors to justify deviation from the equal-division presumption, I cannot conclude that the superior court abused its discretion in dividing the property.

### C. No Abuse Of Discretion In Holding Trial Without Richard

"Refusal to grant a continuance is an abuse of discretion when a party has been deprived of a substantial right or seriously prejudiced."[16] "The particular facts and circumstances of each case determine whether the denial of a continuance is so unreasonable or so prejudicial as to amount to an abuse of discretion."[17] "Because of the necessity for orderly, prompt and effective disposition of litigation and the loss and hardship to the parties," motions for continuance should be denied "unless there is some weighty reason to the contrary."[18]

---

[14] *Heustess v. Kelley-Heustess*, 158 P.3d 827, 833 (Alaska 2007) (quoting *Fortson v. Fortson*, 131 P.3d 451, 456 (Alaska 2006)) (internal quotation marks omitted).

[15] *McDougall v. Lumpkin*, 11 P.3d 990, 993 (Alaska 2000) (citing *Hayes v. Hayes*, 756 P.2d 298, 300 (Alaska 1988)).

[16] *Shooshanian v. Dire*, 237 P.3d 618, 623 (Alaska 2010) (quoting *Siggelkow v. Siggelkow*, 643 P.2d 985, 986-87 (Alaska 1982)) (internal quotation marks omitted).

[17] *Siggelkow*, 643 P.2d at 987 (citing *Wright v. State*, 501 P.2d 1360, 1366 (Alaska 1972); *Kalmus v. Kalmus*, 230 P.2d 57, 64 (Cal. App. 1951)).

[18] *Shooshanian*, 237 P.3d at 623 (quoting *Siggelkow*, 643 P.2d at 987) (internal quotation and editing marks omitted).

Given (1) the finding that Richard voluntarily chose not to appear for trial, and (2) Richard's failure to make a legitimate argument that he was prejudiced by the trial in his absence, I conclude that the superior court did not abuse its discretion in refusing to grant Richard's implicit continuance request. Richard had known since March that trial had been rescheduled for the week of May 30. Richard does not dispute that he was informed of the specific trial date, and he clearly had time to arrange his work schedule. The court already had rescheduled two prior trial dates, giving the court reason to deny a third continuance in the interest of orderly, prompt, and effective disposition of this case. And Felicia, who had diligently shown up for every court appareance in the proccedings, had an important interest in finalizing the divorce and property division.[19] Finally, Richard has articulated no legitimate dispute about the court's actual equal division of vehicles and student loan debt. Because Richard failed to identify a sufficiently "weighty reason to the contrary," the refusal to continue the trial was not an abuse of discretion.

**Conclusion**

I would affirm the superior court's decision.

---

[19] *See Azimi v. Johns*, 254 P.3d 1054, 1061 (Alaska 2011) ("We are mindful that it is difficult for lay persons to represent themselves in court, but the superior court was correct to consider that Johns was also entitled to his day in court and that the case had already been stayed for six months at Azimi's request.").