This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

**Plaintiff-Appellee,**

v.                                        **No. 36,040**

**STEPHEN TSOSIE,**

**Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alisa Hadfield, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

The Law Offices of Ramsey & Hoon, LLC
Twila A. Hoon
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE Judge.**

{1} Defendant has appealed from the district court's reversal of an order of the metro court granting Defendant's motion to suppress. We previously issued a notice of proposed summary disposition in which we proposed to affirm. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

{2} Because the pertinent background information and applicable principles were previously set out at some length in the notice of proposed summary disposition, we will avoid unnecessary repetition here, and instead focus on the content of the memorandum in opposition.

{3} Defendant continues to argue that the officer lacked probable cause to arrest. [MIO 3-9] However, the officer observed a number of indicia of intoxication including bloodshot, watery eyes, odor of alcohol, admission to having consumed alcohol, and poor performance on a variety of field sobriety tests. [DS 1-4] As we previously observed and as Defendant acknowledges, [MIO 4, 6] such observations are sufficient to satisfy the probable cause requirement. *See, e.g., Schuster v. N.M. Dep't of Taxation & Revenue*, 2012-NMSC-025, ¶¶ 30-31, 283 P.3d 288 (observing that probable cause to arrest for DWI existed based on the defendant's bloodshot, watery eyes, odor of alcohol, admission to drinking, and poor performance on field sobriety tests); *State v. Granillo-Macias*, 2008-NMCA-021, ¶ 12, 143 N.M. 455, 176

2

P.3d 1187 (holding that an officer had probable cause to arrest for DWI where the defendant smelled of alcohol, was unsteady on his feet, and did not perform field sobriety tests well); *State v. Jones*, 1998-NMCA-076, ¶ 10, 125 N.M. 556, 964 P.2d 117 (concluding that the officer had probable cause to arrest for DWI where he noticed bloodshot, watery eyes, slurred speech, and odor of alcohol, and where the defendant admitted to having drunk two beers, swayed when he was talking to the officer, and did not perform the field sobriety tests well).

{4}     In his memorandum in opposition Defendant contends that the foregoing considerations should not be deemed sufficient to give rise to probable cause to arrest, based on the metro court's sense that some of the observed clues were "minor" and in light of the existence of alternative explanations for certain aspects of the behavioral evidence. [MIO 5] However, as we previously observed, the fact that the various indicia of intoxication *might* have been the product of benign circumstance does not diminish their capacity to support probable cause, particularly when collectively considered. *See generally State v. Hernandez*, 2016-NMCA-008, ¶ 12, 364 P.3d 313 ("[W]e are not to engage in a divide-and-conquer analysis, looking at each act in a series of acts that, taken alone, may be susceptible of an innocent explanation." (alteration, internal quotation marks, and citation omitted)).

{5}    Defendant further argues that our analysis fails to give due deference to the metro court's resolution of conflicting testimony and its assessment of the weight of the evidence. [MIO 4-9] *See generally State v. Fierro*, 2014-NMCA-004, ¶ 40, 315 P.3d 319 ("[T]he finder of fact, not an appellate court, must reconcile any conflicts in the evidence and determine where truth and credibility lies."). However, our analysis is premised upon the metro court's findings relative to the various indicia of intoxication, including its clearly expressed belief that the arresting officer was credible. [DS 9] Where we diverge from the metro court's assessment is the application of the law to those facts. This aspect of our inquiry is de novo. *See Granillo-Macias*, 2008-NMCA-021, ¶ 7 (indicating that where facts are not in dispute, we review the trial court's legal conclusions concerning the existence of probable cause de novo). Based on the authorities previously cited, we conclude that the officer's observations were sufficient to justify the arrest.

{6}    Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we affirm.

{7}    **IT IS SO ORDERED.**

_____

**J. MILES HANISEE, Judge**

**WE CONCUR:**

4

_____

**JONATHAN B. SUTIN, Judge**


_____

**JULIE J. VARGAS, Judge**