NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| KEVIN ALFONSI, ) | |
| ) | Supreme Court No. S-16846 |
| Appellant, ) | |
| ) | Superior Court No. 3PA-15-02157 CI |
| v. ) | |
| ) | MEMORANDUM OPINION |
| KIM ELGEE, ) | AND JUDGMENT* |
| ) | |
| Appellee. ) | No. 1706 – December 5, 2018 |
| ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Palmer, Gregory Heath, Judge.

Appearances: Kevin Alfonsi, pro se, Wasilla, Appellant. Notice of nonparticipation filed by Kenneth J. Goldman, Kenneth J. Goldman, P.C., Palmer, for Appellee Kim Elgee.

Before: Bolger, Chief Justice, Winfree, Stowers, Maassen, and Carney, Justices.

1.      Kevin Alfonsi and Kim Elgee married in Wasilla in December 2000 and separated in 2015. They have one child, who has significant health issues; the parents took his special needs into consideration when they reached an agreement about his custody. However, they were unable to reach an agreement about the division of their property. The superior court held a two-day hearing in December 2016 to determine property distribution. In August 2017 the court issued a decree of divorce and findings of fact and conclusions of law regarding the property distribution.

---

\*      Entered under Alaska Appellate Rule 214.

2.	Alfonsi appeals a number of the superior court's determinations.  He is representing himself.[1]  With two exceptions, we affirm the superior court.[2]

3.	The court did not clearly err in determining that one half of the property Elgee owned before the marriage remained her separate property or in determining the value of a business that Alfonsi and Elgee jointly owned during their marriage.  Neither did the court abuse its discretion when it determined the date of the parties' separation, that Alfonsi was not entitled to credit for payments he made on the property where he lived after their separation, nor that Elgee's Public Employees' Retirement System (PERS) account from a job that she left before she and Alfonsi married was not marital property.

4.	But Alfonsi is correct that the superior court failed to account for all of the marital debts.  The court heard testimony about the existence of a number of judgments against Trailside Log Cabins (a business that the couple ran during their marriage) and whether the debts had been paid, and the court was presented with judgments against the business and Alfonsi individually.  The court neglected, however, to make any findings regarding them.

---

[1]	Elgee filed a notice of nonparticipation in this appeal.

[2]	Alfonsi asserts that the judge was biased against him, but he points to no evidence in support of this claim so we find that he has waived the argument. *See Windel v. Carnahan*, 379 P.3d 971, 980 (Alaska 2016) ("[W]here a point is given only a cursory statement in the argument portion of a brief, the point will not be considered on appeal." (quoting *Burts v. Burts*, 266 P.3d 337, 344 (Alaska 2011))).  Alfonsi also argues that Elgee intentionally sabotaged the marital business by discontinuing the company e-mail address and that Elgee committed perjury, but because of insufficient briefing we find he has also waived these arguments.

5.     Because these debts were incurred during the marriage, they must be presumed to be marital debt.[3]  The court therefore "should [have] consider[ed] [them] when dividing the marital estate."[4]  We remand this case to the superior court to give it the opportunity to consider the judgments as marital debt.

6.     Because the court did not consider the debts, its determination of the marital estate and consequently its division of property must also be remanded for reconsideration.

7.     We therefore REMAND this case for the superior court to address whether the debts related to Trailside Log Cabins are marital debt.  If the court determines that they are, it must then consider their impact upon the marital estate and its division of property between the parties.  We do not retain jurisdiction.

---

[3]     *Richter v. Richter*, 330 P.3d 934, 938 (Alaska 2014) ("Debt incurred during marriage is presumptively marital; the party claiming otherwise must show that the parties intended it to be separate."); *Veselsky v. Veselsky,* 113 P.3d 629, 636 (Alaska 2005) (holding that a student loan obtained during marriage is marital debt).

[4]     *Veselsky,* 113 P.3d at 636 (quoting *Coffland v. Coffland*, 4 P.3d 317, 321-22 (Alaska 2000)).